IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE COACHMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 2:10CV711-MHT-CSC |
| ) | (WO) |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION of the MAGISTRATE JUDGE**

Now pending before the court is the June 7, 2011, motion to dismiss (doc. # 41), in which the defendant contends that this case should be dismissed with prejudice because the plaintiff has failed to respond to the defendant's interrogatories and requests for production. The court concludes that, under the circumstances of this case, dismissal for failing to respond to discovery requests is not appropriate at this time. On June 6, 2011, this court granted the defendant's motion for an extension and extended the deadline for discovery from June 27, 2011 to July 27, 2011. (Doc. # 39.) On June 8, 2011, the plaintiff submitted an apology to the court (doc. # 42), in which he states that he misunderstood this court's previous order concerning discovery. **The plaintiff is specifically cautioned that if he fails to comply with this court's order to answer interrogatories and produce discovery as directed, the undersigned will recommend dismissal of this case for such failure.**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be DENIED without prejudice.

Additionally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 27, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of June, 2011.

                                        /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE